```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAYKOR CASTILLO, on behalf of himself      :
and all others similarly situated,         :
                                Plaintiff, :
                                           :    15 Civ. 0527 (LGS)
               -against-                   :
                                           :    OPINION AND ORDER
RV TRANSPORT, INC. and RINGO               :
VALENZUELA,                                :
                                Defendants.:
                                           :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/11/2016

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Maykor Castillo, Hector Felix and Luis Villaneuva brought this action for violation of the Fair Labor Standards Act ("FLSA"), and the New York Labor Law ("NYLL"), alleging that Defendants paid inadequate wages and willfully failed to provide proper wage statements. Defendants did not appear and did not respond to the Complaint. A default judgment was entered and the matter was referred to Magistrate Judge James C. Francis for an inquest on damages. On December 21, 2015, Judge Francis issued a Report and Recommendation (the "Report"), recommending an award of $568,380.10 apportioned among the three Plaintiffs, plus prejudgment interest on Mr. Villanueva's NYLL award. The Report also recommends attorneys' fees of $16,111.80, costs of $1,159.30 and a penalty for non-payment of the judgment. No objections to the Report were filed. For the following reasons, the Report is adopted in part and rejected in part.

I.  STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (2015). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as

long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II.    FINDINGS OF FACT

The findings of fact in the Report are adopted, as they are not clearly erroneous. They are based on Plaintiffs' submissions and summarized here.

Plaintiffs are former employees of Defendant RV Transport, Inc., a New York corporation that operates a merchandise delivery service. Defendant Valenzuela owns and manages RV Transport.

Plaintiff Castillo was employed by Defendants as an inventory clerk from approximately May 13, 2012, to May 18, 2014. Castillo worked 70 hours per week from May 13, 2012, to February 28, 2013; 80 hours per week from March 1, 2013, to December 31, 2013; and 90 hours per week from January 1, 2014, to May 18, 2014. During his employment, he was paid $250.00 per week from May 13, 2012, to June 22, 2012; $300.00 per week from June 23, 2012, to August 23, 2012; $400.00 per week from August 24, 2012, to August 30, 2013; $450.00 per week from August 31, 2013, to September 30, 2013; and $400.00 per week from October 1, 2013, to May 18, 2014. Defendants failed to pay him the minimum wage and overtime and did not provide him with wage statements and a wage notice.

Plaintiff Felix consented to join this collective action on February 10, 2015. He was employed by Defendants as a delivery helper from September 12, 2013, to November 15, 2013, and then again from December 5, 2013, to March 27, 2014; and each week, he worked 90 hours and earned $600.00. He did not receive overtime, wage statements or a wage notice.

Plaintiff Villaneuva consented to join this action on February 27, 2015.  He was employed by Defendants as a delivery person from July 1, 2011, to July 31, 2014.  He worked 84 hours and earned $400.00 per week.  He did not receive overtime, wage statements or a wage notice.

## III.    DISCUSSION

The recommendations in the Report are not clearly erroneous or contrary to law, except as to two issues on which I differ with Judge Francis: (1) the amount of liquidated damages, which has divided the District Courts in this Circuit and has not been resolved by the Second Circuit, and (2) the amount of pre-judgment interest consequently due to each plaintiff.  Except as to these two issues, the recommendations in the Report are incorporated by reference and adopted.  As to these two issues, they are modified as follows.

### A.    Liquidated Damages

The Report recommends liquidated damages under both the FLSA and the NYLL in the amounts of $117,190.90 to Castillo, $56,250.00 to Felix and $188,760.00 to Villaneuva.  This recommendation is based on the view that liquidated damages can be recovered under both the FLSA and the NYLL.  I disagree that liquidated damages are available under both statutes for the same underpayment of wages.

District Courts in this Circuit differ on the issue of whether a plaintiff may obtain liquidated damages for the same violations under both the FLSA and the NYLL.  *Compare, e.g.*, *Garcia v. JonJon Deli Grocery Corp.*, No. 13 Civ. 8835, 2015 WL 4940107, at *6 (S.D.N.Y. Aug. 11, 2015) (cumulative treatment denied); *Zhen Ming Chen v. New Fresco Tortillas Taco LLC*, No. 15 Civ. 2158, 2015 WL 5710320, at *7 (S.D.N.Y. Sept. 25, 2015) (same), *with Kernes v. Glob. Structures, LLC*, No. 15 Civ. 00659, 2016 WL 880199, at *5 (S.D.N.Y. Mar. 1, 2016)

(cumulative treatment granted); *Ni v. Bat-Yam Food Servs. Inc.*, No. 113 Civ. 07274, 2016 WL 369681, at *3 (S.D.N.Y. Jan. 27, 2016) (same).

The usual rationale for awarding liquidated damages under both statutes is that liquidated damages under the FLSA are compensatory, but under the NYLL damages are punitive, and thus serve two different purposes. *See Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 506 (S.D.N.Y. 2015). However, as the Report indicates, differences in the two statutes that may have justified that view have been largely eliminated. The two statutes "now provide for essentially identical remedies with respect to liquidated damages, [so] it is harder to argue that they are designed to compensate a plaintiff for disparate harms." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 91 n.11 (E.D.N.Y. 2012). One may challenge the view that the FLSA's liquidated damages are compensatory, *see Yun Hong Hua v. Eight Star Inc.*, No. 15 Civ. 0275, 2015 WL 2354322, at *2 (E.D.N.Y. May 15, 2015), or that the NYLL's liquidated damages are punitive, *see Inclan*, 95 F. Supp. 3d at 506. However they are described, the remedies are essentially the same -- 100% of unpaid wages. *See* 29 U.S.C. § 216(b) (2015);[1] N.Y. Lab. Law §§ 198(1-a),[2] 663(1) (McKinney 2016). Nothing in either statute suggests that the legislators envisioned or intended that successful plaintiffs would reap what in effect are three times their damages, rather than double their damages as the statutes explicitly provide. *Yun Hong Hua*, 2015 WL 2354322,

---

[1] "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, *and in an additional equal amount as liquidated damages.*" 29 U.S.C. § 216(b) (emphasis added).

[2] "In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, *an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.*" N.Y. Lab. Law §§ 198(1-a) (emphasis added).

4

at \*4 ("[T]he use of the FLSA and state law to award double liquidated damages is effectively a judge-created treble damage remedy that neither legislature, Congress or New York, has envisioned.").

I recently held in *Santana v. Brown* that Plaintiffs may not recover so-called cumulative liquidated damages under both the FLSA and NYLL because there is no apparent distinction between the 100% liquidated damages that both statutes award. *See* No. 14 Civ. 4279, 2015 WL 4865311, at \*6 (S.D.N.Y. Aug. 12, 2015). I adhere to that view here.

Under this approach, Plaintiffs recover under the statute that provides the greatest relief. *See Id.* (citing *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195, 2012 WL 1669341, at \*5 (S.D.N.Y. Mar. 26, 2015)). Due to its longer statute of limitations and the provision for prejudgment interest, that statute is the NYLL. For unpaid wages and overtime wages, the liquidated damages award under the FLSA and NYLL are the same -- 100% of actual damages. The statute of limitations is three years under the FLSA for willful violations and six years under NYLL for all violations. Spread of hours is solely a NYLL claim, for which liquidated damages are 100%. *See* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4 (2016). Therefore,

- Castillo may recover liquidated damages of $58,704.20 under the NYLL.
- Felix may recover liquidated damages of $28,125.00 under the NYLL.
- Villaneuva may recover liquidated damages of $105,600.00 under the NYLL.

### B.    Prejudgment Interest

The NYLL expressly provides for pre-judgment interest in addition to liquidated damages. N.Y. Lab. Law § 198(1-a) ("[T]he court shall allow such employee to recover . . . prejudgment interest . . . and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated

damages equal to one hundred percent of the total amount of the wages found to be due."). The applicable rate of interest is 9% per annum, as specified in N.Y. C.P.L.R. §§ 5001 and 5004, and calculated from a reasonable midpoint date during the course of their employment. *See* N.Y. C.P.L.R. § 5001(b) (McKinney 2016) ("Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.").

Plaintiff Castillo is entitled to prejudgment interest for his NYLL award, which amounts to $14.48 per day from May 15, 2013 until the date of judgment.[3] In total, Castillo is awarded $15,377.76 in prejudgment interest.[4]

Plaintiff Felix is also awarded prejudgment interest for his NYLL award. The first half of his award amounts to $2.50 per day between October 14, 2013, until the day judgment is entered, and $4.44 per day between January 29, 2014, until the day judgment is entered.[5] In total, Felix is awarded $5840.32 in prejudgment interest.[6]

---

[3] May 15, 2013 is a reasonable midpoint date between May 13, 2012, and May 18, 2014. Prejudgment interest amounts to nine percent multiplied by the award of $58,704.20, divided by 365 days, or $14.48 per day.

[4] 1062 days (between May 15, 2013, and April 11, 2016) x 14.48.

[5] Felix's prejudgment interest award is divided into two halves because he worked two non-continuous periods. The midpoint date of the first half of his employment, from September 12, 2013, until November 15, 2013, is October 14, 2013. Prejudgment interest for the first half of the award amounts to $2.50 per day (nine percent per annum times $10,125 ($15 x 1.5 x 50 hours overtime per week x 9 weeks) divided by 365 days). The midpoint date of the second half of his employment, from December 5, 2013, until March 27, 2014, is January 29, 2014. Prejudgment interest for the second half of the award amounts to $4.44 per day (nine percent per annum times $18,000 ($15 x 1.5 x 50 hours overtime per week x 16 weeks) divided by 365 days).

[6] $2.50 x 910 days (between October 14, 2013, and April 11, 2016) + $4.44 x 803 days (between January 29, 2014, and April 11, 2016) = 2275 + 3565.32.

Plaintiff Villaneuva is awarded prejudgment interest for his NYLL award, which amounts to $26.04 per day from January 13, 2013, until the date of judgment.[7] In total, Villaneuva is awarded $30,831.36 in prejudgment interest.[8]

## IV. CONCLUSION

For the reasons stated above, the Report's recommendations with respect to liquidated damages and pre-judgment interest are MODIFIED. The remainder of the Report is ADOPTED.

For the reasons stated above,

- Plaintiff Castillo is awarded $58,704.20 in actual damages, $58,704.20 in liquidated damages, $5,000.00 in statutory damages, and pre-judgment interest of $15,377.76 for a TOTAL of $137,786.16;

- Plaintiff Felix is awarded $28,125.00 in actual damages, $28,125.00 in liquidated damages, $3,750.00 in statutory damages, and pre-judgment interest of $5,840.32 for a TOTAL of $65,840.32;

- Plaintiff Villaneuva is awarded $105,600.00 in actual damages, $105,600.00 in liquidated damages, $5,000.00 in statutory damages, and pre-judgment interest of $30,831.36 for a TOTAL of $247,031.36; and

- Plaintiffs collectively are awarded attorneys' fees of $16,111.80 and costs of $1,159.30.

A 15% penalty for non-payment will be added to any amount of the judgment attributable to violations of the NYLL that remains unpaid upon the expiration of "ninety days following

---

[7] January 13, 2013, is a reasonable midpoint date between February 27, 2012, and July 31, 2014. Prejudgment interest amounts to nine percent multiplied by the award of 105,600.00, divided by 365 days, or $26.04 per day.

[8] $26.04 x 1184 days (between January 13, 2013, and April 11, 2016).

7

the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later." N.Y. Lab. Law § 663(4).

The Clerk of Court is directed to enter judgment in the foregoing amounts, close the motion at Docket No. 41 and close this case.

SO ORDERED.

Dated: April 11, 2016
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**